UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARA MORTON,

    Plaintiff,

v.                                          Case No. 1:18-CV-55

GRAND RIVER HOTEL,                  HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

Plaintiff, Tara Morton, filed this case *pro se* against her former employer, the Grand River Hotel (the Hotel). In her Complaint, Morton alleged a number of things against the Hotel, including that she felt that she was "being discriminated against because I am African-American Muslim," and that the manager of the housekeeping department had engaged in nepotism by taking Morton's hours away and "giving all the hours to the Spanish employee[s]." (ECF No. 1.) Following a Joint Status Report (ECF No. 9) and a Rule 16 scheduling conference before Magistrate Judge Phillip Green, Magistrate Judge Green stayed discovery and ordered the Hotel to file a motion to dismiss and Morton to respond. (ECF No. 11.) Magistrate Judge Green issued the order in light of questions arising at the Rule 16 conference regarding the Court's jurisdiction over the case.

The Hotel filed the motion to dismiss, arguing that the Court lacks jurisdiction under Federal Rule of Civil Procedure 12(b)(1), that the case should be dismissed under Rule 12(b)(6) due to Morton's failure to state a claim, and that the case should be dismissed because Morton

failed to exhaust her administrative remedies. (ECF No. 13.) The matter is fully briefed. For the reasons that follow, the Court will grant the Hotel's motion on jurisdictional grounds.

## Standard of Review

Because the Hotel challenges jurisdiction under Rule 12(b)(1), Morton bears the burden of establishing subject-matter jurisdiction. *Courtwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014) (citing *DLX, Inc. v. Commonwealth of Ky.*, 381 F.3d 511, 516 (6th Cir. 2004)). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction may take the form of a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which contests the factual predicate for jurisdiction. *See DLX, Inc.*, 381 F.3d at 516; *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the court accepts as true all the allegations in the complaint, similar to the standard for a Rule 12(b)(6) motion. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. In a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the district court weighs competing evidence to determine whether subject matter jurisdiction exists. *Id.* The Hotel has made a facial attack on Morton's complaint, arguing that the Court lacks both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

## Discussion

Morton has not claimed any statutory or Constitutional basis to confer jurisdiction on this Court. Although Morton stated in her Complaint that she was discriminated against for being an African-American Muslim, in the Joint Status Report, Morton stated "that she is suing under 'Nepotism.' . . . I was not discriminated against, however, I was treated unfairly because people who were family members, cousins, or friends of the manager were treated more favorably and got better and more hours." (ECF No. 9 at PageID.39.) In her response to the Hotel's motion, it

appears that Morton changed the basis of her Complaint again, stating that her "complaint is based on false allegations that [the Hotel and its employees] have against me for firing me and their lying reasons . . . . My complaint is also based on Ms. Martinez for calling another employee . . . and telling them about her plans that she had for me far as my status as an employee there." (ECF No. 14 at PageID.68.) It appears she now believes her case is one of wrongful termination: "I feel that the Defendant owes me because they have no real reason for terminating my employment." (*Id.* at PageID.69.) Morton admits that she "may not have proof that [she] was discriminated against as an African-American Muslim," but alleges she has proof of discrimination based on facts connected to her alleged wrongful termination. (*Id.*)

Even construing her pro se complaint liberally, Morton has not shown that the Court has jurisdiction over her claim. She has not invoked discrimination under Title VII and has apparently abandoned any racial or religious discrimination allegations. (ECF No. 9 at PageID.39 ("I was not discriminated against, however, I was treated unfairly.").) Further, "it is clear that wrongful discharge is a state-law cause of action." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 759 (6th Cir. 2000). The only Federal law restricting nepotism is for public employers—there is no federal law restricting nepotism for private, at-will employers. *See Clement v. Madigan*, 820 F. Supp. 1039, 1046 (W.D. Mich. 1992) (citing 5 U.S.C. § 3110). Therefore, the Court lacks federal question jurisdiction over Morton's claim.

The Court also lacks diversity jurisdiction over the parties. It is uncontested that both parties are citizens of Michigan, and Morton has not alleged an amount in controversy exceeding $75,000. *See, e.g.*, *Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008); *Everett v. Verizon Wireless Inc.*, 460 F.3d 818, 821 (6th Cir. 2006).

## **Conclusion**

The Court lacks jurisdiction over Morton's claims. Accordingly, the Court need not reach the Hotel's arguments that Morton failed to state a claim for which relief can be granted and that Morton failed to exhaust her administrative remedies.

Therefore, the Court will dismiss Morton's Complaint without prejudice.

A separate order will issue.


Dated: June 28, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE